OPINION
{¶ 1} Defendant-Appellant Timothy A. Hacquard appeals his conviction and sentence entered on December 7, 2004, in the Tuscarawas County Court of Common Pleas.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 2, 2003, a business owner contacted the Tuscarawas County Sheriff's Department t report that he had found seven large garbage bags that had placed in his trash hopper within the last day or two, which contained drug items. The owner had previously contacted the Sheriff's office in October regarding similar bags placed in his trash hopper containing evidence of marijuana plants. Deputy Eric Houze collected the seven garbage bags and upon inspecting same, found said bags to contain a large quantity of plant roots, stems, stalks and vegetable material appearing to be marijuana, along with grow mix bags, potting soil and other items related to an apparent marijuana cultivation operation. The vegetable substances were later confirmed to be marijuana.
 {¶ 4} In addition to the plant matter and related materials, one of the large bags also contained household refuse including hair care products, newspapers, cat litter, product wrappers and a blue Wal-Mart shopping bag. Inside the Wal-Mart shopping bag, the deputy found two merchandise receipts for purchases, one from Holland Oil for a gasoline purchase, and one from Kaufmann's Department Store for the purchase of clothing. Both receipts carried the name Crystal L. Livers.
 {¶ 5} Deputy Houze requested that a dispatcher run the name Crystal L. Livers through LEADS, which resulted in a recent address for Ms. Livers at 27207 Schneiders Crossing Road, just outside of Dover, Ohio, near where the trash bags were found. The deputy drive to the address and observed that same was a single family home, ranch type structure. A mailbox in front of the home identified the occupant as "Livers".
 {¶ 6} Based on the above information, Deputy Houze appeared before a Judge for the Tuscarawas County Court of Common Pleas and presented an affidavit in support of his request for a search warrant. He also provided testimony in further support of said request for a search warrant.
 {¶ 7} A search warrant was issued, with same being executed on December 3, 2003. In the basement of Ms. Livers' home, the officers located a large marijuana growing operation. The marijuana, when dried, weighed in excess of twenty-six hundred grams.
 {¶ 8} Ms. Livers was interviewed during the search and she admitted that she had been growing large quantities of marijuana in her home as part of scheme with her boyfriend, Appellant Timothy Hacquard, who was also growing marijuana in the basement of his home near Bolivar, Ohio.
 {¶ 9} Based on this newly acquired information, the deputies returned to the court and requested a search warrant for Appellant's home.
 {¶ 10} Upon executing said search warrant, the officers found a similar large marijuana cultivation operation with the dried weight of the marijuana in excess of 3,500 grams.
 {¶ 11} On March 9, 2004, Appellant was charge with one count of Cultivation of Marijuana, in an amount exceeding five thousand grams, a felony of the third degree, and one count of possession of marijuana in an amount exceeding five thousand grams, also a third degree felony.
 {¶ 12} On June 7, 2004, Appellant filed a motion to suppress evidence seized as a result of the search of his house arguing that same was fruit from an illegal search of the home of Crystal Livers.
 {¶ 13} On July 13, 2004, a hearing was held on Appellant's Motion to Suppress. The State moved to dismiss Appellant's Motion to Suppress, arguing that Appellant lacked standing to challenge the search of Crystal Livers' house. The trial court denied the State's Motion to Dismiss but on July 27, 2004, denied Appellant's Motion to Suppress, upholding the search of Appellant's home.
 {¶ 14} On November 2, 2004, Appellant changed his former plea of not guilty to one of no contest.
 {¶ 15} On December 7, 2004, Appellant was sentenced to one (1) year imprisonment, a mandatory fine of $5,000.00 and a six (6) month driver's license suspension.
 {¶ 16} It is from this conviction and sentence that Appellant now appeals, assigning the following sole error for review:
 ASSIGNMENT OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS."
 I. {¶ 18} Appellant argues that the trial court erred in not sustaining his motion to suppress. We disagree.
 {¶ 19} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v. Guysinger (1993),86 Ohio App.3d 592.
 {¶ 20} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 21} More specifically, Appellant Hacquard is challenging the search warrant issued for Crystal Livers residence. Appellant Hacquard claims that such warrant was not supported by probable cause and that the good faith exception to the exclusionary rule does not apply. He further argues that the search of his residence was "fruit of the poisonous tree" because same flowed directly from the search of Ms. Livers residence.
 {¶ 22} In considering whether a challenged search and seizure violated the Fourth Amendment rights of a criminal defendant who seeks to exclude the evidence obtained during it, we must determine whether the disputed search and seizure infringed on an interest of the defendant, which the Fourth Amendment was designed to protect, as opposed to an interest of a third party. Rakas at 140; see, also, United States v. Payner (1980),447 U.S. 727, 731, 100 S.Ct. 2439, 65 L.Ed.2d 468. According to the United States Supreme Court, "capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." Rakas at 143, citing Katz v. United States (1967), 389 U.S. 347, 353, 88 S.Ct. 507,19 L.Ed.2d 576. A legitimate expectation of privacy means more than a subjective expectation of not being discovered. Rakas, 143, at fn. 12. Rather, for a subjective expectation of privacy to be legitimate it must be "one that society is prepared to recognize as `reasonable."' Id., citing Katz at 361 (Harlan, J., concurring).
 {¶ 23} This Court finds that Appellant Hacquard lacks standing to challenge the search of Crystal Livers' residence.
 {¶ 24} Even assuming arguendo that this Court found that Appellant Hacquard had standing to challenge such warrant, this Court in State v. Crystal Livers (__, 2005) Tusc. App. No. 2005AP01004, found that the warrant in such case was based on "sufficient facts to establish the probability of criminal activity inside Ms. Livers' residence." (Id. at 7.) Having found that the search was valid, this Court further found inLivers that there was no need to qualify the search under the good faith exception to the exclusionary rule. Id.
 {¶ 25} Based on the foregoing, we find Appellant's sole assignment of error not well-taken and hereby overrule same.
 {¶ 26} The decision of the Tuscarawas County Court of Common Pleas is affirmed.
Boggins, P.J. Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Common Pleas Court, Tuscarawas County, Ohio is affirmed. Costs assessed to Appellant.